**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-7241**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

ANTHONY GENE TRAPPIER,

                    Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Florence. Terry L. Wooten, Senior District Judge.  (4:09-cr-00340-TLW-1; 4:18-cv-03175-TLW)

Submitted:  December 19, 2019                    Decided:  December 23, 2019

Before NIEMEYER, AGEE, and QUATTLEBAUM, Circuit Judges.

Affirmed in part and dismissed in part by unpublished per curiam opinion.

Anthony Gene Trappier, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Anthony Gene Trappier seeks to appeal the district court's order denying as successive and unauthorized his motions brought pursuant to 28 U.S.C. § 2255 (2012) and Fed. R. Civ. P. 60. We affirm in part and deny a certificate of appealability and dismiss in part.

The district court's determination that Trappier's § 2255 motion was successive and unauthorized is not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B) (2012). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2012). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the motion states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85. We have independently reviewed the record and conclude that Trappier has not made the requisite showing. Accordingly, we deny a certificate of appealability and dismiss the appeal, in part.

We agree with the district court that Trappier's Rule 60 motions amounted to successive § 2255 motions for which this court did not grant prefiling authorization as required by 28 U.S.C. § 2244 (2012). We thus affirm those holdings. *See United States v. McRae*, 793 F.3d 392, 400 (4th Cir. 2015) (holding that this court "need not issue a

2

[certificate of appealability] before determining whether the district court erred in dismissing [a defendant's] purported Rule 60(b) motion as an unauthorized successive habeas petition").

Additionally, we construe Trappier's notice of appeal and appellate brief as an application to file a second or successive § 2255 motion. *See States v. Winestock*, 340 F.3d 200, 208 (4th Cir. 2003), *abrogated in part on other grounds by McRae*, 793 F.3d 392. In order to obtain authorization to file a successive § 2255 motion, a prisoner must assert claims based on either: (1) a new rule of constitutional law, previously unavailable, made retroactive by the Supreme Court to cases on collateral review; or (2) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense;. 28 U.S.C. § 2255(h) (2012). Because Trappier's claims do not satisfy either of these criteria, we deny authorization to file a successive § 2255 motion.

Based on the foregoing, we affirm the appeal, in part, and deny a certificate of appealability and dismiss, in part. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*